Grant *v.* Dodge.

## CLARINDA GRANT *versus* ANNANIAH DODGE.

The wife shall not be endowed when the husband is seized but for an instant, though a continued seizin, however short, entitles her to dower.

If the tenant would defeat the demandant's claim of dower the burden is upon him to prove that the deed and mortgage relied on constituted one transaction.

This is an action of DOWER.

The facts in the case were agreed by the parties, from which it appears that,

The premises in which dower is claimed were conveyed to Willam Grant, then the husband of plaintiff, December 24, 1847, by one Michael Walton, and that said Grant *reconveyed the same to said Walton in mortgage, on the same day, to secure the payment of a note for forty-seven dollars eighty cents, papable January* 1, 1849.

William Grant conveyed the premises by deed of quit claim to defendant, August 27, 1851, and on the same day one Barzilla Hopkins paid and took up the note secured by the aforesaid mortgage, Grant to Walton, and Sophronia Walton on the same day gave to defendant a quit claim deed of the premises, and on August 25, 1851, Barzilla Hopkins gave the defendant a warrantee deed of the premises. William Grant gave Barzilla Hopkins a deed of the premises, January 3, 1851. The plaintiff did not release her dower in any of the deeds. William Grant died, and the plaintiff seasonably demanded her dower. If in the opinion of the court the action is maintainable upon the foregoing statement, defendant is to be defaulted and plaintiff have judgment, otherwise plaintiff is to be nonsuit.

*N. H. Hubbard,* counsel for the plaintiff.

*C. H. Pierce,* counsel for the defendant.

HATHAWAY, J. When the husband is seized, for an instant, of this seizin the wife shall not be endowed, but if he con-

32

tinue seized, for any portion of time, however short, the wife is entitled to dower. The seizin for an instant is where the husband, by the same act, or by the same conveyance, by which he acquires the seizin, parts with it. Holbrook v. Phinney, 4 Maine R., 566; Stanwood v. Dunning, 14 Maine R., 290; Gammon v. Freeman, 31 Maine R., 243.

The demandant's husband, William Grant, became seized, by virtue of his deed from Walton. On the same day that he received his deed, he reconveyed the premises, in mortgage, to secure the payment of a note, which may have been for the purchase money, or for something else.

The mortgage may have been executed when he purchased the land and received his deed, or subsequently.

If the tenant would defeat the demandant's claim of dower, the burden is upon him to prove that the deed and mortgage constituted one transaction, which the facts agreed do not show, and when a case is presented on facts agreed, any fact which might be pertinent to the question submitted, and does not appear, is presumed not to exist.

*Tenant defaulted.*

TENNEY, C. J., and RICE, J., concurred; CUTTING, J., and GOODENOW, J., concurred in the result; APPLETON, J., did not concur.